# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MICHAEL S. LAMBERT, | DOCKET NUMBER |
| Appellant, | AT-0752-13-0368-B-2 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: September 22, 2016 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Norman Jackman, Esquire, Cambridge, Massachusetts, for the appellant.

Christopher Pearson, Atlanta, Georgia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the remand initial decision, which denied his affirmative defense of age discrimination. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The agency removed the appellant from his Rural Carrier position for giving a teenager a ride in his postal vehicle, and the appellant filed an appeal with the Board. *Lambert v. U.S. Postal Service*, MSPB Docket No. AT-0752-13-0368-I-1 (I-1), Appeal File (AF), Tab 1. Following receipt of the parties' last-chance settlement agreement, the administrative judge dismissed the appeal as settled on May 7, 2013. I-1 AF, Tabs 14-15. The appellant filed a petition for review of the initial decision, and the Board remanded his age discrimination affirmative defense to the administrative judge for further adjudication because the settlement agreement did not include the language required by the Older Workers Benefit Protection Act (OWBPA). I-1 Petition for Review (PFR) File, Tabs 1, 6; *Lambert v. U.S. Postal Service*, MSPB Docket No. AT-0752-13-0368-I-1, Remand Order (May 15, 2014) (I-1 Remand Order).

¶3 In the I-1 Remand Order, the Board found that the agency's failure to comply with the OWBPA invalidated the appellant's waiver of his age discrimination claim and remanded the appeal for further adjudication of that claim only. I-1 Remand Order at 5. The Board advised the parties that the merits

of the removal action were not at issue on remand, except as the administrative judge deemed necessary to determine whether the removal was based on age discrimination. *Id.* On remand, the administrative judge granted the agency's motion for summary judgment against the appellant, finding no genuine issue of material fact warranting a hearing on the appellant's claim that he was discriminated against on the basis of age. *Lambert v. U.S. Postal Service*, MSPB Docket No. AT-0752-13-0368-B-1 (B-1), AF, Tab 26, Initial Decision at 2, 5-8.

¶4    The appellant filed a petition for review, and the Board remanded the appellant's age discrimination claim for a hearing consistent with the standards set forth in *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 46, 48-51 (2015). B-1 PFR File, Tabs 1, 4; *Lambert v. U.S. Postal Service*, MSPB Docket No. At-0752-13-0368-B-1, Remand Order (Sept. 28, 2015). After holding the requested hearing, the administrative judge issued another remand initial decision affirming the agency's action and finding no evidence that the appellant's age played a role in the agency's removal decision. *Lambert v. U.S. Postal Service*, MSPB Docket No. AT-0752-13-0368-B-2 (B-2), AF, Tab 20, Initial Decision (B-2 ID) at 5. The appellant filed a petition for review, and the agency responded in opposition to his petition. B-2 PFR File, Tabs 1, 3.

¶5    On review, the appellant argues that the administrative judge improperly credited the hearsay testimony of the agency's witnesses over the appellant's in-person hearing testimony concerning his alleged misconduct. B-2 PFR File, Tab 1 at 4-8. Specifically, he argues that the teenager was in his postal vehicle for 5-10 minutes, and not 45 minutes to 1 hour, as claimed by the teenager's father, who did not testify at the hearing. *Id.* at 7. The appellant argues that his actions did not threaten the security of the mail and that the agency failed to call the teenager as a witness at the hearing because his testimony would have hurt the agency's case. *Id.* at 8. The appellant also argues that the deciding official lacked first-hand knowledge of his misconduct and that she relied on information

provided from individuals who obtained their information from the teenager's father. *Id*. at 7.

¶6      Because the appellant's arguments concern only the merits of the agency's removal action and are unrelated to his claim of age discrimination, we find that his argument is beyond the scope of the Board's review of the remand initial decision.

¶7      On review, the appellant reiterates his contention that his age was the real reason for his removal and argues that he is entitled to a presumption of age discrimination. *Id*. at 8. He also reasserts some of the arguments that he made on appeal, which he contends are sufficient proof that the stated reasons for his removal were pretext for age discrimination. *Id*. at 9. For example, he reiterates that the former Officer in Charge in Gainesville frequently asked him when he was going to retire. *Id*. He also reasserts his arguments that "others" criticized him for taking too long to do his route and told him to get his eyes checked on numerous occasions. *Id*. However, the administrative judge considered the appellant's testimony about the alleged incidents and found that they did not constitute age discrimination. B-2 ID at 3, 5. The administrative judge also noted that the former Officer in Charge left the Gainesville Post Office before the incident at issue and that he played no role in the agency's removal decision. B-2 ID at 5.

¶8      Applying the Board's criteria in *Savage*, the administrative judge found that, although the appellant may have believed his age was a factor in the agency's decision, he did not show that it was an improper motivating factor.[2]

---

[2] The Board held in *Savage* that, when an appellant asserts an affirmative defense of discrimination or retaliation under 42 U.S.C. § 2000e–16, the Board first will inquire whether the appellant has shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action. 122 M.S.P.R. 612, ¶ 51. Such a showing is sufficient to establish that the agency violated 42 U.S.C. § 2000e–16, thereby committing a prohibited personnel practice under 5 U.S.C. § 2302(b)(1). *Savage*, 122 M.S.P.R. 612, ¶ 51.

B-2 ID at 3, 5. The administrative judge found it undisputed that the appellant gave a 15-year old teenager a ride in his postal vehicle and that the event that triggered the agency's investigation was a telephone complaint made by the teenager's father to the Gainesville Postmaster. B-2 ID at 5. The administrative judge further found that, absent the father's complaint, the agency would have had no basis to conduct the investigation resulting in the removal of the appellant. *Id*. In reaching her decision, the administrative judge credited the testimony of the agency's witnesses stating that the appellant's conduct, not his age, was the cause for his removal.[3] B-2 ID at 4-5.

¶9      The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The appellant has not shown that the administrative judge's demeanor-based determinations are inconsistent with the weight of the evidence, and we find that his arguments constitute mere disagreement with the administrative judge's thorough, well-reasoned findings on appeal. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate

---

[3] The administrative judge considered the testimony of the Gainesville Postmaster, who was the concurring official in the proposal to remove the appellant. B-2 ID at 4. The Gainesville Postmaster testified that: (1) he met with the teenager's father (at his demand) about his complaint that the appellant provided his teenage son with a ride in a postal vehicle for 45 minutes to an hour without the father's permission on December 14, 2012; (2) the father's complaint was referred to the Office of Inspector General who issued a report on December 27, 2012; and (3) the resulting removal action was based on the appellant's conduct, not his age. *Id*. The administrative judge also considered the deciding official's testimony that: (1) carriers are prohibited from having unauthorized passengers; (2) the appellant's conduct was a liability to the agency and jeopardized the security of the mail; (3) she removed the appellant based on his conduct, not his age; and (4) she did not know the appellant when she decided to remove him. B-2 ID at 4-5.

inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).  We have considered the appellant's remaining arguments on review, and we find no basis for disturbing the initial decision.[4]  The appellant presents no new, material, previously unavailable evidence or argument in support of a finding that the administrative judge erred.  We therefore deny the appellant's petition for review.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the United States Code, section 7702(b)(1)  (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

---

[4] For example, the appellant argues that he did not give the teenager a ride; he just "[brought] the boy the short distance to the place where he needed to be." B-2 PFR File, Tab 1 at 10.  We find that the appellant's argument is a distinction without a difference.  The appellant also reasserts his argument that he was a "good Samaritan" reacting to the emergency situation presented by the teenager crying in the street.  *Id*. at 9.  However, the administrative judge considered this argument on appeal and concluded that it was not an emergency situation because the appellant continued to deliver his route without calling 911 or his supervisor.  B-2 ID at 5.  We also disagree with the appellant's claim that, because the agency allegedly insisted that he retire under the terms of the parties' settlement agreement, this proves that his removal was based on age discrimination.  B-2 PFR File, Tab 1 at 9.

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                                    _____
                                                 Jennifer Everling
                                                 Acting Clerk of the Board

Washington, D.C.